**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 21 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   20-30232 |
| Plaintiff-Appellee, | D.C. No. 1:15-cr-00001-TMB-1 |
| v. | |
| THOMAS SCHOPP, AKA Thomas Hiser, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Submitted December 14, 2021[**]

Before:    WALLACE, CLIFTON, and HURWITZ, Circuit Judges.

Thomas Schopp appeals from the district court's amended judgment and challenges the 45-year sentence imposed upon remand for resentencing following his guilty-plea conviction for production of child pornography, in violation of 18 U.S.C. § 2251(a).  We dismiss.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Schopp contends that his sentence is substantively unreasonable. As the government argues, this claim is encompassed by the appeal waiver in the parties' plea agreement. Schopp's argument that his waiver was involuntary, rendering it unenforceable, is unavailing. Schopp maintains that his plea was involuntary because he initially attempted to plead guilty without a plea agreement, this court concluded in his prior appeal that the original life sentence was in excess of the 50-year statutory maximum, and he allegedly did not receive any benefit under the plea agreement. However, the circumstances surrounding the signing and entry of the plea agreement, and the court's advice regarding the waiver at the change of plea hearing, demonstrate that Schopp understood he was waiving his right to appeal. *See United States v. Lo*, 839 F.3d 777, 783-84 (9th Cir. 2016). Moreover, as the district court explained to him, the "basic bargain" was that he would plead guilty pursuant to the plea agreement in exchange for the government's agreement not to prosecute him for any additional offenses arising from the event charged in the indictment. Because the record reflects that Schopp's waiver of the right to appeal was knowing and voluntary, we enforce the waiver and dismiss Schopp's appeal. *See id*. at 780-81, 795.

**DISMISSED.**